UNION REAL ESTATE COMPANY and WALTER G. OAKMAN and Others, as Executors, etc., of ANDREW FREEDMAN, Deceased, Appellants, *v.* THE CITY OF NEW YORK and Others, Respondents.

First Department, May 31, 1918.

**Municipal corporations — contract to convey easements to city of New York upon condition that city erect an express station — reserved power of city to change location of station — suit for specific performance does not lie — limitation of power of Public Service Commission to bind city — cloud on title.**

Where a contract to convey certain perpetual and exclusive easements to the city of New York, acting through the Public Service Commission, made upon the consideration that the city should build at a certain place an express station on the route of a proposed rapid transit railroad, expressly provided that the acceptance of the easements did not obligate the city to build according to the drawing annexed to the contract, and reserved the right to abandon, abolish or change the location of the station, the other party to the contract cannot maintain a suit for specific performance.

Moreover, the Public Service Commission had no power to bind the city to build an express station at that or any other point without the express consent of the board of estimate, for the building of a station involves the appropriation and expenditure of money.

The mere approval of the plan by the board of estimate was not effective to bind the city, there being no action under section 37 of the Rapid Transit Act which requires such contract to be specifically approved by the board of estimate, and a special provision made for the expense thereof by a particular limitation of bonds available for the work.

*It seems*, that if the contract creates a cloud upon the plaintiffs' title, it may maintain a suit to rescind the same.

APPEAL by the plaintiffs, Union Real Estate Company and others, as executors, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 31st day of July, 1917, dismissing the complaint upon the decision of the court after a trial at the Bronx Special Term.

*L. Laflin Kellogg* of counsel [*Alfred C. Petté* with him on the brief; *Kellogg & Rose*, attorneys], for the appellants.

*John P. O'Brien* of counsel [*Judson Hyatt* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondents The City of New York and others.

*Oliver C. Semple* of counsel [*William L. Ransom*, attorney], for the respondents Edward E. McCall and others.

SHEARN, J.:

This action was brought for the specific performance of a contract entered into between the Union Real Estate Company and Andrew Freedman, and the City of New York (acting by the Public Service Commission for the First District), whereby, in consideration of the building of an express station at East One Hundred and Forty-ninth street on the route of the proposed Rapid Transit railroad, known as the Southern Boulevard and Whitlock Avenue route, running along certain streets and avenues in the borough of The Bronx, there was granted to the city by said Union Real Estate Company and Andrew Freedman, as the owners of the premises on the southeast corner of East One Hundred and Forty-ninth street and Southern boulevard, a perpetual and exclusive easement and right in and through said premises.

There are two grounds that require affirmance. One is the provisions in paragraph 9th of the indenture whereby the easement was conveyed to the city.

" *Ninth.* It is expressly understood and agreed that the City does not by the acceptance of the easement obligate itself to construct the passageway, but that this indenture merely gives the City the right to construct, maintain and operate the passageway within the premises substantially as shown on the drawing hereinabove described and made a part of this agreement, in case the City shall desire to do so. It is further understood and agreed that the City and the Commission reserve the right to abandon or abolish or change the location of the station at any time before or after the construction of the passageway. In case the location of the station should be changed prior to the construction of the passageway or in case the plans for the station should be changed so as to render the construction of the passageway in the opinion of the Commission impracticable or inadvisable,

the City need not construct the passageway or cause it to be constructed."

I think it is entirely plain that by this clause the absolute right was reserved to the city to refrain from building or locating any station whatever at East One Hundred and Forty-ninth street. The contention that the city had only the right to change the location gives no force or effect to the plain meaning of the words " abandon or abolish."

In the next place, the Public Service Commission could not bind the city to build an express station at this or any other point without the express consent of the board of estimate, for the building of a station involves the appropriation and expenditure of money. It is, of course, claimed that such consent was had and appropriation made by the consent of the board of estimate to the execution of the general contract No. 3 with the Interborough Rapid Transit Company, attached to which were plans showing an express station to be built at East One Hundred and Forty-ninth street. Counsel for the plaintiffs, however, misapprehends the significance of this consent, for he does not give any effect to the provisions in subdivision 2 of section 37 of the Rapid Transit Act (Laws of 1891, chap. 4, added by Laws of 1894, chap. 752, as amd. by Laws of 1909, chap. 498, and Laws of 1913, chap. 540), which require that every contract for the actual doing of the work under any of the general contracts or under the general plan for the dual system of subways must be specifically approved by the board of estimate and a special provision made for the expense thereof by a particular limitation of bonds available for the work. No claim is made, or could reasonably be made, that the mere approval of contract No. 3 with the station plans annexed deprived the Public Service Commission and the city of the right to change the plans by relocating the stations or providing for other or different stations. Plaintiffs claim, however, that the change could not be made in view of the contract between the parties. The contract was negotiated between the plaintiffs and the Public Service Commission. To sustain plaintiffs' position would be to accord to the Public Service Commission far greater powers than the Rapid Transit Act provides or contemplates. No contract to build an express station or any other kind of a station could be let

without the consent of the board of estimate and apportionment and a limitation by it of bonds for the purpose of defraying the expense. The city did expressly consent to contract for the building of a local station, and when the Public Service Commission sought to change this plan so as to provide for an express station at East One Hundred and Forty-ninth street, as this involved a largely increased expenditure and a new contract, the matter was submitted to the board of estimate and apportionment, which refused its approval. No power exists in the courts to compel the board of estimate and apportionment to appropriate money for a subway station which does not meet its approval. There was no contract for an express station between the plaintiffs and the city and there is, therefore, no valid contract for one which can be specifically enforced.

The plaintiffs doubtless have a grievance, as the conveyance may create a cloud upon their title. No difficulty, so far as now appears, however, would be presented in maintaining an action to rescind the conveyance. No property of the plaintiffs has been taken by the city, and other than this possible cloud upon the title, the position of the plaintiffs simply is that they have been disappointed. It is not correct, as stated on the argument, so far as the record shows, that the owners of the property consented to the building of the subway in reliance upon the promise to have an express station there, for finding eighteenth shows that the consent was given on January 17, 1910, and finding nineteenth shows that the first resolution of the Public Service Commission designating East One Hundred and Forty-ninth street as an express station was passed on March 24, 1910.

The judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment affirmed, with costs.